RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/11/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TIMOTHY DESCANT, INDIVIDUALLY AND ON BEHALF OF H.D. | CIVIL ACTION NO. 09-1645 |
| VERSUS | JUDGE TRIMBLE |
| FORNEY INDUSTRIES, INC., ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by Colony Insurance Company ("Colony").[1] For the reasons expressed herein below, the court finds that Colony's motion should be GRANTED and that all claims against Colony in the above-captioned suit should be DISMISSED with prejudice.

### I. BACKGROUND

Plaintiff alleges that he sustained personal injury to his arm on April 16, 2007 while using a die grinder with a Forney reinforced cut-off wheel to cut a muffler off of a vehicle.[2] Plaintiff also alleges that Forney Industries Inc. ("Forney") and Griton Industries, Inc. ("Griton") are the manufacturers and/or sellers of the allegedly defective cut-off wheel.[3] Plaintiff further alleges that Colony is the provider of liability insurance for Griton and that such insurance was effective on or

---

[1] R. 45.

[2] R. 1-2 at ¶ 2.

[3] R. 4-3 at ¶ 1.

1

before April 16, 2007 and provides coverage for Griton's alleged liability for plaintiff's accident.[4]

Colony's motion asserts that, although it did issue a commercial general liability policy in favor of Griton under Policy No. GL153409, such policy did not become effective until December 23, 2007, well after the April 16, 2007 accident at issue.[5] As such, Colony denies that the policy issued to Griton provides coverage for any alleged liability by Griton in this case.[6]

Our review of the record indicates that no memoranda in opposition to this motion have been filed by any party. Accordingly, we consider the motion to ripe for decision as unopposed.

## II. APPLICABLE STANDARD

Fed. R. Civ. P. 56 permits any party to move for summary judgment on all or a portion of the claims at issue in any suit.[7] Rule 56 instructs that summary judgment should be rendered if

> [t]he movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[8]

When faced with a motion for summary judgment, a non-moving party may not rest on the

---

[4] R. 19 at ¶¶ 2-3.

[5] R. 45 at p. 3.

[6] Id.

[7] The court notes that this motion for summary judgment was filed on January 3, 2011 and, thus, is subject to application of the recent revision of Fed. R. Civ. P. 56, effective December 1, 2010. We note, however, that the advisory comments concerning the 2010 amendments clearly state that the "standard for granting summary judgment remains unchanged."

[8] Fed. R. Civ. P. 56(a).

allegations of the pleadings.[9] Once the moving party meets its initial burden of proof by demonstrating the absence of a genuine issue of material fact for trial, the nonmoving party must designate specific facts showing that there is a genuine issue for trial.[10] If the nonmoving party fails to satisfy this burden, the court must enter summary judgment in favor of the movant if the record before it demonstrates that the movant is entitled to judgment as a matter of law. If the nonmoving party is unable, for reasons specified by affidavit or declaration, to present facts necessary to justify its opposition to the motion, the court may defer ruling on the motion, deny the motion, grant additional time for the taking of discovery or issue any other appropriate order.[11]

In considering a motion for summary judgment, the court will view the evidence before it in the light most favorable to the nonmoving party, but will not infer proof of facts not properly alleged and supported.[12] Evidence presented in support of or in opposition to a motion for summary judgment must be of the sort that would admissible in evidence at the trial of the matter.[13]

### III. ANALYSIS

Colony attaches a copy of the commercial general liability ("CGL") policy issued to Griton

---

[9]Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

[10]Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990); Matsushida, 475 U.S. at 586; Celotex, 477 U.S. at 323; Little, 37 F.3d at 1975.

[11]Fed. R. Civ. P. 56(d).

[12]Wallace v. Texas Tech University, 80 F.3d 1042 (5th Cir. 1996).

[13]Fed. R. Civ. P. 56(c)(2).

3

to its motion.[14] The policy declarations clearly state that the policy period began on December 23, 2007 and ended on December 23, 2008.[15] As argued by Colony, the accident constituting an "occurrence" for policy purposes undisputedly happened on April 16, 2007 and, thus, under the plain language of the policy, is not subject to coverage therefor. Section I relating to coverages for bodily injury and property damage liability plainly states in subparagraph b.(2) that the coverage only applies if the bodily injury or property damage occurs during the policy period.[16] As argued by Colony, we find the wording of this policy to be clear and unambiguous with respect to its effective policy period and, accordingly, will construe the policy exactly as written.[17]

Given these undisputed facts, the court finds that Colony has demonstrated the absence of any genuine dispute as to any material fact bearing upon the issue of coverage in this case. We also find, as mentioned above, that no party to this suit demonstrates the existence of a genuine dispute as to coverage by Colony or otherwise argues against entry of summary judgment in Colony's favor under the instant motion.

Accordingly, we find that the CGL policy issued by Colony to Griton does not provide coverage for any alleged liability on the part of Griton for the accident of April 16, 2007 allegedly causing injury to plaintiff as asserted in plaintiff's original and supplemental complaints. All claims against Colony in this suit should, therefore, be dismissed with prejudice as prayed for in Colony's

---

[14] R. 46.

[15] Id. at p. 2.

[16] R. 46.

[17] La. Civ. C. Art. 2046; In re Katrina Canal Breaches Litigation, 495 F.3d 191, 207 (5th Cir. 2007) citing Cadwaller v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003).

instant motion. The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**March 11, 2011**

_____
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**